**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10012 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00056-MMD-RJJ-1 |
| v. | |
| IAN CHRISTOPHERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

Before: FARRIS and REINHARDT, Circuit Judges, and HUCK, Senior District Judge.[**]

The Defendant, Ian Christopherson, was convicted of income tax evasion

and employment tax evasion, 26 U.S.C. § 7201, after a jury trial. The conviction

was based on his usage of a bank account in Montana to operate his law firm, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

existence of which he failed to disclose to the IRS even after the Agency began to levy his other assets. Before the verdict, the defense proposed a jury instruction on the crime's mens rea element of "willfulness":

> In determining…intent or lack of criminal intent you may consider whether his actions of using the First Citizen's Industrial Consultant's bank account was for the purpose of remaining in business to be able to pay his taxes, rather than to evade the payment of tax.

Although imprecise, this proposed instruction was discussed by both the defense counsel and the prosecutor with the court, and all parties recognized it to be a claim of a good faith misunderstanding of the law that would negate the mens rea for the crime. Essentially, the defense had argued—and hoped to instruct the jury—that Christopherson was unaware that his usage of the second bank account would be considered unlawful tax evasion. The district court rejected the instruction, not as a matter of law but because of an insufficient evidentiary foundation.

The appeal argues only that Christopherson was entitled to this jury instruction on his good faith misunderstanding of the law. We have jurisdiction under 28 U.S.C. § 1291.

A defendant is normally "entitled" to a jury instruction that presents an aspect of his theory of the case, so long as (1) an evidentiary foundation supports it, (2) the law supports it, and (3) it is not adequately covered by the rest of the

2

instructions when viewed in their entirety. *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010).

The question has been decided in this Circuit in *United States v. Hardy*, 941 F.2d 893 (9th Cir. 1991). *Hardy* contained sparse reasoning, but it squarely addressed the issue. While courts may not instruct that ignorance and good faith misunderstanding claims *cannot* be considered by the jury, they need not affirmatively instruct that such claims *must* be considered. This rule accords with other circuits that have addressed the question. *See United States v. Kokenis*, 662 F.3d 919, 930 (7th Cir. 2011); *United States v. Damra*, 621 F.3d 474, 502 (6th Cir. 2010); *United States v. Simkanin*, 420 F.3d 397, 411 (5th Cir. 2005).

Even if Christopherson's proposed good faith misunderstanding of law instruction had a sufficient evidentiary and legal foundation, it was within the district court's discretion to refuse it. This theory was adequately covered by the instruction on willfulness.

**AFFIRMED**.